IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS DANIEL ALICEA MARRERO,**

**Plaintiff**

**v.**

**COSTCO WHOLESALE CORPORATION,**

**et. al.,**

**Defendants.**

CIVIL NO. 14-1294 (GAG)

**OPINION AND ORDER**

Plaintiff Luis Daniel Alicea Marrero ("Plaintiff") filed a complaint against Costco Wholesale Corporation ("Costco") alleging wrongful termination and damages resulting from unequal treatment, harassment, and discrimination in violation of his constitutional rights. (Docket No. 1-1.) Plaintiff is seeking a severance payment under Puerto Rico's Wrongful Dismissal Act ("Law 80"), P.R. LAWS ANN. tit. 19 § 185, and damages under Article II of the Constitution of Puerto Rico, P.R. Const. art. II, and Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31 § 5141.

Presently before the court is Costco's motion to dismiss (Docket No. 14) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on preemption grounds. Costco argues that the National Labor Relations Act ("NLRA") vests the National Labor Relations Board ("NLRB") with primary and exclusive jurisdiction over unfair labor practices and that Plaintiff's proffered reasons for the alleged adverse employment actions he faced make the NLRA the only labor relations statute applicable to this dispute. Id. at 5-6. Plaintiff opposed the motion. (Docket

1

**Civil No. 14-1294 (GAG)**

No. 16.) Upon the court's order (Docket No. 17,) Plaintiff supplemented his opposition. (Docket No. 18.) By leave of the court, Costco filed a reply to the Plaintiff's opposition motion and supplement. (Docket No. 21.) The Plaintiff then sur-replied. (Docket No. 23.) After reviewing these submissions and the pertinent law, the court **DENIES** Costco's motion to dismiss at Docket No. 14.

## I. Standard of Review

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). When considering a 12(b)(1) motion, a court may consider all pleadings submitted by the parties. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." Fernández Molinary, et als. v. Industrias La Famosa, Inc., et als., 203 F. Supp. 2d 111, 114–115 (D.P.R. 2002) (citing Land v. Dollar, 330 U.S. 731 (1947)). The pertinent inquiry is whether or not the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the court is proper. Casey v. Lifespan Corp., 62 F.Supp.2d 471, 474 (D.R.I. 1999).

The burden of proof in a 12(b)(1) motion falls on the party asserting jurisdiction. Thomson v. Gaskill, 315 U.S. 442 (1942). In reviewing the motion, courts must construe the complaint liberally and the pleadings are to be taken as true and read in a light most favorable to the party opposing the motion (the plaintiff). Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Brown v. Rhode Island, 160 F. Supp. 2d 233, 235 (D.R.I. 2001). Dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006).

**Civil No. 14-1294 (GAG)**

## II. Relevant Factual and Procedural Background

    a. The Prior Complaint

On November 7, 2013, the Plaintiff filed a complaint essentially alleging the same claims as the complaint at bar in the Commonwealth Court of First Instance, Caguas Division. See Alicea-Marrero v. Costco Wholesale Corp., No. 13-1866, Docket No. 1-1 (D.P.R. January 10, 2014) (judgment dismissing the case without prejudice). In said complaint (hereinafter the "prior complaint"), the Plaintiff alleged that he suffered adverse employment actions which concluded in his wrongful termination because he attempted "to establish a union in the workplace," which constitutes a "violation of the rights of all employees to self-organize and to try to bargain collectively . . . ." See id. at Docket No. 1-1 at 15. On November 20, 2013, this complaint was removed to the United States District Court for the District of Puerto Rico with jurisdiction grounded on federal question and diversity of jurisdiction. See id. at Docket No. 1. Costco had yet to answer or otherwise plead, when on December 19, 2013, the Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Id. at Docket No. 8. The court granted the voluntary dismissal and entered judgment accordingly. Id. at Docket Nos. 13, 14.

    b. The Complaint at Bar

On February 7, 2004, the Plaintiff filed the complaint at bar in the Commonwealth Court of First Instance, Caguas Division. (Docket No. 1-1.) On April 4, 2014, the complaint was removed by Costco to this court with jurisdiction premised on federal question and diversity of citizenship. (Docket No. 1.) On July 17, 2014, Costco filed the motion to dismiss at issue. (Docket No. 14.)

**Civil No. 14-1294 (GAG)**

### III.  Discussion

In seeking removal from the Commonwealth court to the federal forum, Costco asserted that this court had subject matter jurisdiction over this proceeding pursuant to Title 28 U.S.C. § 1331 based on federal question and pursuant to Title 28 U.S.C. § 1332 (a)(1) because there is complete diversity of citizenship between the parties.  (Docket No. 1 at 2.)  At the time the complaint was filed, the Plaintiff was domiciled in Puerto Rico, and Costco was (and remains) a publicly traded company incorporated under the laws of Washington and with its principal place of business in said state.  Costco is thus a citizen of Washington under § 1332 (c)(1).  This action is therefore between citizens of different states.  In addition, the amount sought by the Plaintiff exceeds $75,000.00.[1]  Consequently, the court has federal jurisdiction over this matter based on diversity of citizenship.

Though Costco removed the case to federal court, it now argues the court lacks subject matter jurisdiction to entertain the complaint on preemption grounds.  Costco avers that the Plaintiff's alleged wrongful termination and damages claims resulted from Costco's purported adverse employment actions, which fall within the purview of unfair labor practices subject to the NLRB's primary and exclusive jurisdiction.  See 29 U.S.C. § 158; San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959); Vaca v. Sipes, 386 U.S. 171 (1967) ("as a general rule, neither state nor federal courts have jurisdiction over suits directly involving 'activity [which] is arguably subject to § 7 or § 8 of the Act'"); Tamburello v. Comm-Tract Corp., 67 F.3d 973, 976 (1st Cir. 1995) (the NLRA vests the NLRB with primary jurisdiction over unfair labor practices).

---

[1] Plaintiff seeks the following amounts: $28,500.00 (wrongful termination under Law 80) + $7,125.00 (attorney's fees and costs for the wrongful termination) + $46,000.00 (damages) + $11,500.00 (attorney's fees and costs for damages.  The sum amounts to $93,125.00.

4

**Civil No. 14-1294 (GAG)**

Costco alleges that the Plaintiff lodged the same allegations and claims as those raised in the prior complaint with the exception of providing a reason for Costco's alleged illegal conduct. (See Docket No. 14 at 6.) Moreover, Costco posits that the Plaintiff did not state the reasons for his termination or adverse employment actions and deliberately failed to make reference to his attempts to organize his coworkers and form a union in the workplace. Id. at 6-7.  According to Costco, in the prior complaint and a sworn statement made part of the record in that case, the Plaintiff had identified these attempts to self-organize and form a union as the underlying reasons for Costco's illegal conduct. Id. at 2, 7.  Nevertheless, Costco argues that the Plaintiff purposely omitted these allegations from the complaint at bar, but that "any attempt to masquerade this complaint as a local wrongful termination or damages claim would be futile." Id. at 7.  Hence, Costco moves for dismissal "because [P]laintiff's claim hinges upon a determination of whether an unfair labor practice has occurred . . . his . . . claims are subject to the primary jurisdiction of the NLRB." Id. at 8 (citing Tamburello, 67 F. 3d at 979).

The Plaintiff cognizes that, different from the prior complaint, in the complaint at bar, he does "not plead any nexus as to how Costco's actions [for] his dismissal are linked to actions related to a labor union nor even requested remedies to that matter." (See Docket No. 16 at 3.)  He suggests that, when filing a complaint, it is within the purview of the Plaintiff and his counsel to frame its allegations and choose his causes of actions and remedies thereunder. See id. at 5; Docket No. 18 at 1-2.  The Plaintiff further argues that all of Costco's allegations in support of dismissal on NLRB preemption grounds are centered on the allegations the Plaintiff made in the prior complaint, which was voluntarily dismissed, but not raised in the complaint at bar. Moreover, he argues that the effect of a complaint which was voluntarily dismissed is that it shall be treated as it had never been filed. Id. at 2.  Finally, the Plaintiff argues against dismissal

5

**Civil No. 14-1294 (GAG)**

claiming that he should be allowed to engage in a discovery process to ascertain why he has dismissed. (See Docket No. 16 at 3.) Likewise, during discovery, Costco may inquire as to why the Plaintiff alleges he was wrongfully dismissed for the reasons stated in the complaint and, in the end, find out if he was indeed terminated on legal grounds. Id. at 3-4.

A reading of the complaint at bar makes clear that the Plaintiff does not raise any allegations regarding his engagement in a concerted activity nor makes reference to unfair labor practices on Costco's part that might trigger the NLRB primary and exclusive jurisdiction over this proceeding. Moreover, the complaint only sets forth state law causes of action for wrongful termination as well as damages. Although the prior complaint set forth allegations concerning the Plaintiff's alleged attempts to organize and unionize Costco's employees, said complaint relates to a different proceeding which was terminated and the complaint at bar lacks any such allegations.

The prior complaint which Costco references to support its preemption allegations was voluntarily dismissed without prejudice by the Plaintiff and approved by the court. "Of course, it is well settled that '[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990); In re Piper Aircraft Distribution System Antitrust Litigation, 551 F.2d 213, 219 (8th Cir. 1977). "This means that the dismissal 'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim.'" Machinists, 915 F.2d at 48; Bryan v. Smith, 174 F.2d at 214 (quoting 27 C.J.S. Dismissal and Nonsuit, § 39). In effect, then, the allegations set forth by the Plaintiff in the prior complaint which was dismissed without prejudice are not available for this court to consider. Although a Rule 12(b)(1) motion to dismiss allows a court to consider materials "outside the pleadings" to

**Civil No. 14-1294 (GAG)**

determine jurisdiction, <u>González v. United States</u>, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002), this court cannot look beyond the pleadings of the case at bar and utilize a complaint filed in a prior and distinct case that was voluntarily dismissed without prejudice. Costco asks this court to rely on the prior complaint to determine whether this court has jurisdiction. Relying on the prior complaint for such purpose would, however, be improper.

The court, nevertheless, notes that it is not preemptively ruling one way or another as to the potential merits of Costco's NLRB preemption argument. Simply, at this stage of the proceedings, the parties must take part in the discovery process to ascertain whether the Plaintiff engaged in "concerted activity" under the NLRA and whether he was wrongfully terminated due to his engagement in said activity and suffered damages.

For the foregoing reasons, and having already established this court has subject matter jurisdiction over this suit, Costco's motion to dismiss at Docket No. 14 is **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico this 7th day of October, 2014.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge