IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS DANIEL ALICEA MARRERO,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, ET AL.,<br><br>Defendants. | CIVIL NO. 14-1294 (GAG) |

## OPINION AND ORDER

Luis Daniel Alicea-Marrero ("Plaintiff") filed this lawsuit against his employer Costco Wholesale Corporation ("Costco") alleging wrongful termination and seeking a severance payment under Puerto Rico's Wrongful Dismissal Act ("Law 80"), P.R. LAWS ANN. tit. 19 § 185, and seeking damages under Article II of the Constitution of Puerto Rico, P.R. Const. art. II and Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141. (Docket No. 1-1.) Plaintiff filed the complaint in the Commonwealth Court of First Instance, Caguas Division, on February 7, 2014.[1] (Docket No. 1-1.)

On June 18, 2015, Costco filed a motion for summary judgment arguing this Court lacks jurisdiction over the suit because Plaintiff's wrongful termination claims are based on allegations

---

[1] On November 7, 2013, Plaintiff filed a complaint in the Commonwealth Court of First Instance, Caguas Division essentially alleging the same claims as the complaint at bar. See Alicea-Marrero v. Costco Wholesale Corp., No. 13-1866, Docket No. 1-1 (D.P.R. January 10, 2014) (judgment dismissing the case without prejudice). In that complaint (hereinafter the "prior complaint"), Plaintiff alleged that he was wrongfully terminated because he attempted "to establish a union in the workplace," which constitutes a "violation of the rights of all employees to self-organize and to try to bargain collectively . . . ." See id. at 15. On November 20, 2013, Costco removed that case to the United States District Court for the District of Puerto Rico. See id. at Docket No. 1. Costco removed, asserting this Court had subject-matter jurisdiction over the proceeding pursuant to both Title 28 U.S.C. § 1331 based on federal question, and pursuant to Title 28 U.S.C. § 1332 (a)(1) because there is complete diversity of citizenship between the parties. Id. at 2. On December 19, 2013, the Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). Id. at Docket No. 8. The Court granted the voluntary dismissal and entered judgment accordingly. Id. at Docket Nos. 13, 14. In the complaint at bar, Plaintiff makes no allegations that he was wrongfully terminated because he attempted to establish a union in the workplace. (See generally Docket No. 1-1.)

**Civil No. 14-1294 (GAG)**

of unfair labor practices, which fall under the primary and exclusive jurisdiction of the National Labor Relations Board ("NLRB"). (Docket No. 38.) Plaintiff opposed the motion, and Costco replied. (Docket Nos. 47; 52.) While reviewing Costco's Motion for Summary Judgment at Docket No. 38, the Court found it proper to ascertain its subject-matter jurisdiction, and thus, ordered the parties to show cause as to whether Costco had met its burden of establishing jurisdiction as the removing party. (Docket No. 58.) Costco complied, and Plaintiff responded. (Docket Nos. 59; 60.)

Without ruling on the merits of Defendants' Motion for Summary Judgment at Docket No. 38, the Court hereby **REMANDS** this case to the Commonwealth Court of First Instance, Caguas Division, for lack of subject-matter jurisdiction.

## I. Standard of Review

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action commenced in state court may remove the case to federal court if the federal court has original jurisdiction. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004). Once a case has been removed, the court can remand if "the case was removed improvidently and without jurisdiction." Ochoa Realty Corp. v. Faria, 815 F.2d 812, 815 (1st Cir. 1987) (citing 28 U.S.C. § 1447(c)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. 28 U.S.C. § 1447(c); see also U.S. v. Pomales-Lebrón, 513 F.3d 262, 269 (1st Cir. 2008) ("[b]ecause federal courts are powerless to act in the absence of subject-matter jurisdiction, [this court has] an unflagging obligation to notice jurisdictional defects and pursue them on [its] own initiative.") (internal quotation marks and citation omitted).

The removing party bears the burden of establishing the district court's subject-matter jurisdiction. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). "Subject

matter jurisdiction is not a 'nicety of legal metaphysics' but rests instead on 'the central principle of a free society that courts have finite bounds of authority.' Courts must be careful to respect these limits on their authority." Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 101 (1st Cir. 2001) (internal citations omitted).  When federal subject-matter jurisdiction is doubtful, those doubts should be resolved in favor of remand.  See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Padilla-Gonzalez v. Local 1575, 635 F. Supp. 2d 105, 108 (D.P.R. 2009).

**II.     Relevant Factual and Procedural Background**

Plaintiff worked at Costco from August 2002 until November 2012.  (Docket Nos. 38-2 ¶¶ 1-2; 47-2 ¶¶ 1-2.)  Plaintiff became a full-time employee working forty hours a week, and gradually received increases in pay, bonuses, and other benefits.  (Docket Nos. 38-2 ¶¶ 3-6; 47-2 ¶¶ 3-6.)

For more than a year before he was fired, Plaintiff alleges that Costco's management and employees treated him in a "hostile, arrogant, discriminatory, humiliating and undignified manner." (Docket No. 1-1 ¶ 10.)  Plaintiff alleges this behavior was continuous and increasingly severe until the day he was wrongfully dismissed.  Id. ¶ 11.  Additionally, Plaintiff alleges Costco imposed restrictive direct supervision to which other employees were not subjected, such as monitoring him for no reason, requiring him to report when he had to use the bathroom, and demanding he take shorter breaks.  Id. ¶¶ 12-13.

Costco eventually terminated Plaintiff's employment on November 19, 2012.  (Docket Nos. 47-3 ¶ 15; 54 ¶ 15.)  Plaintiff alleges he was also wrongfully dismissed for issuing a check without sufficient funds when he made a purchase at the store paid for with a $100.00 personal check.  (Docket Nos. 47-3 ¶ 8; 54 ¶ 8.)  Costco's Employee Manual states issuing a check with insufficient funds is cause for disciplinary action, but not termination.  (Docket Nos. 47-3 ¶ 13; 54

¶ 13.) Costco instead maintains Plaintiff was fired due to excessive policy violations, multiple counseling notices, failure to follow the posted schedule, failure to notify management of absences, and several no shows, in addition to issuing a check with insufficient funds. (Docket No. 2 ¶ 19.)

Plaintiff filed the complaint at bar in the Commonwealth Court of First Instance, Caguas Division, on February 7, 2014. (Docket No. 1-1.) On April 4, 2014, Costco removed the complaint to this Court, asserting the Court had subject-matter jurisdiction over this proceeding both pursuant to Title 28 U.S.C. § 1331 based on federal question and pursuant to Title 28 U.S.C. § 1332 (a)(1) because there is complete diversity of citizenship between the parties.[2] (Docket No. 1 at 2.)

### III. Discussion

Costco argues this case of action is based on a federal question for which this Court has jurisdiction because the facts of the case are based on alleged violations to the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151-169 et seq. (1935). (Docket No. 1 at 6-7.) Additionally, Costco maintains there is complete diversity jurisdiction because Costco is a publicly traded company of the State of Washington, Plaintiff is a citizen of Puerto Rico, and the alleged amount in controversy exceeds $75,000.00. (Docket No. 1 at 3.) In his complaint, Plaintiff seeks the following amounts: $28,000 for a severance wrongful termination payment under Law 80; approximately $7,125 in attorney's fees under Law 80; $46,000 for moral damages under Article 1802; and approximately $11,500 in attorney's fees under Article 1802. (Docket No. 1-1 at 6-7.) The Court addresses these removal arguments in turn.

---

[2] Costco maintains this case was properly removed to district court based on federal question and diversity of citizenship. (See Docket Nos. 1; 59.) Yet, at the same time in its motion for summary judgment, Costco argues this Court lacks subject-matter jurisdiction to entertain the complaint because it is subject to the NLRB's primary and exclusive jurisdiction. (Docket No. 38.)

### A. Removal based on Federal Question

Removal jurisdiction is only proper if the case "arises" under the laws of the United States for purposes of federal question jurisdiction under 28 U.S.C. § 1331. The determination of whether a cause of action "arises" under federal law is made by analyzing the well-pleaded complaint rule. Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 9-11 (1983). Removal based on federal jurisdiction is only proper if a federally created right appears "on the face of the complaint." Brough v. United Steelworkers of Am., AFL-CIO, 437 F.2d 748, 749 (1st Cir. 1971).

It is well-settled that "[a] federal preemption defense to a state-law cause of action is insufficient to confer federal question jurisdiction on a federal court." Rhode Island Fishermen's Alliance Inc. v. Rhode Island Department of Environmental Management, 585 F.3d 42, 49-50 (1st Cir. 2009); see also Franchise Tax Bd., 463 U.S. at 14 ("[s]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

In the complaint at bar, Plaintiff only alleges violations of Puerto Rico state law: wrongful dismissal under Law 80, and constitutional violations under Article 1802. (Docket No. 1-1.) Plaintiff has made no allegations regarding unfair labor practices on Costco's part or his effort to unionize, which would be under the purview of the NLRA.[3] Even if Plaintiff had made such

---

[3] Although the prior complaint set forth allegations concerning the Plaintiff's alleged attempts to organize and unionize Costco's employees, said complaint relates to a different proceeding which was terminated and the complaint at bar lacks any such allegations. "Of course, it is well settled that '[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990). "This means that the dismissal 'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim.'" Machinists, 915 F.2d at 48; Bryan v. Smith, 174 F.2d 212, 214 (7th Cir. 1949) (quoting 27 C.J.S. Dismissal and Nonsuit, § 39). The allegations set forth by the

allegations, or even if the NLRA could potentially preempt some of Plaintiff's claims, the Court now finds that it was improper for Costco to remove this case to federal court based on a federal preemption defense.

Costco's argument that Plaintiff cannot defeat removal by failing to plead necessary federal questions in this complaint and omitting the prior references to unfair labor practices present in his prior complaint is unconvincing. (Docket No. 1 at 7.) The artful pleading doctrine empowers the plaintiff as the master of his complaint, who may avoid federal question jurisdiction by exclusively claiming violations of state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, a plaintiff cannot defeat removal by failing to plead a federal claim that is essential to the state-law claim, that is, where the state law claims are completely preempted by federal law. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). That is not the case here, because "the NLRA has not been added to the Supreme Court's short list of extraordinary statutory regimes that can completely preempt a state law claim so as to bring it within the original jurisdiction of the federal courts." Am. Fedn. of State, County, and Mun. Employees, Council 93 v. Gordon, 505 F. Supp. 2d 183, 189 (D. Mass. 2007). Thus, because allegations of unfair labor practices under the NLRA are not essential to Plaintiff's state law claims, Plaintiff could rightfully choose to avoid federal jurisdiction by pleading only a violation of the Puerto Rico wrongful dismissal statute. Thus, Costco has failed to meet its burden to show that removal was proper based on a federal question.

---

Plaintiff in the prior complaint, which was dismissed without prejudice, are simply not available for this Court to consider.

**Civil No. 14-1294 (GAG)**

### B. Removal based on Diversity

Costco maintains the Court also had subject-matter jurisdiction based on diversity of citizenship. (Docket No. 1 at 3.) At the time the complaint was filed, the Plaintiff was domiciled in Puerto Rico, and Costco was (and remains) a publicly traded company incorporated and with its principal place of business in the State of Washington. (Docket No. 1 at 3.) This action is therefore between citizens of different states. In addition, Plaintiff alleged the amount in controversy exceeds $75,000.00. (Docket No. 1-1 at 6-7.)

Though the parties are completely diverse, the Court finds that Plaintiff cannot satisfy the amount in controversy requirement. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's action.

#### i. Law 80 and Article 1802

In his complaint, Plaintiff only asserted state law claims under Law 80 and Article 1802. However, the Court must dismiss Plaintiff's Article 1802 claim given that Law 80 is the provider of exclusive remedies and bars any actions under Article 1802 for damages arising from the alleged unjust dismissal. See Rosario v. Valdes, CIV. 07-1508CCC, 2008 WL 509204, at *2 (D.P.R. Feb. 21, 2008) (holding plaintiffs cannot supplement a wrongful termination claim with an Article 1802 claim based on the same conduct).

The legal framework under Article 1802 is "that the provisions of the Civil Code are supplementary to special legislation." Rivera-Melendez v. Pfizer Pharm. Inc., 747 F. Supp. 2d 336, 339 (D.P.R. 2010) (citing Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999)). The Supreme Court of Puerto Rico has held that "[a]s a general rule, in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional

compensation under Article 1802." Reyes-Ortiz v. McConnell Valdes, 714 F. Supp. 2d 234, 239 (D.P.R. 2010) (quoting Santini Rivera v. Serv. Air, Inc., 137 D.P.R. 1 (P.R. Sept. 12, 1994)).

The First Circuit has recognized three exceptions allowing civil actions to supplement Law 80 where an employer has wrongfully terminated an employee, none of which are present here:

> (1) when a plaintiff has an independent cause of action for a tort committed in the course of the discharge; (2) when a plaintiff is protected by other social legislation; and (3) when the plaintiff's termination violates his or her constitutional rights.

Prudential-Bache Securities, Inc. v. Tanner, 72 F.3d 234, 240 n. 7 (1st Cir. 1995) (citations omitted). Plaintiff wishes to supplement his Law 80 wrongful termination claim asserting the following facts show the existence of an independent tortious action under Article 1802: (1) for more than a year before being terminated he was discriminated against and humiliated by Costco management; (2) he was under direct restrictive supervision; (3) he was required to comply with requirements that were not demanded of other employees; and (4) Costco violated his dignity and right to intimacy continually and increasingly until the moment Costco wrongfully dismissed him. (Docket No. 1-1 ¶¶ 10-13; 25; 28.)

The Court finds these allegations fail to show independent tortious conduct of the type allowed by courts to supplement specific labor laws. See, e.g., Rios v. Municipality of Guaynabo, 938 F. Supp. 2d 235, 260 (D.P.R. 2013) (allowing 1802 claim based on actions of co-Defendant ordering illegal surveillance of plaintiff's home because such conduct was not covered by any specific labor laws); Arroyo v. Rattan Specialties, Inc., 117 D.P.R. 35 (P.R. Mar. 5, 1986) (establishing the Arroyo exception to Law 80's exclusivity requirement where an employer's decision to terminate an employee is made in violation of a public policy of constitutional magnitude, such as where an employer fired employee who refused to submit to a polygraph test); Gierbolini Rosa v. Banco Pop. de Puerto Rico, 930 F. Supp. 712, 717 (D.P.R. 1996) (allowing

actions of libel and slander under Section 1802 to exist in "tandem with actions under" Law 80); Porto y Siurano v. Bentley P.R., Inc., 132 D.P.R. 331 (P.R. Dec. 23, 1992) (establishing Plaintiff could recover additional damages for "the alleged defamatory accusations levelled at him by his employer in the letter of discharge.").

The Court construes the allegations of misconduct leading up to his ultimate allegedly wrongful termination as part of an unbroken line of incidents that as Plaintiff himself explains, "were continuous and kept increasing until the moment when he was wrongfully dismissed from his job." (Docket No. 1-1 ¶ 13.)  Such conduct does not set forth an independent tortious claim under Article 1802.  See, e.g., Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 806 F. Supp. 2d 503, 508 (D.P.R. 2011) ("[a] cursory review of the amended complaint, which alleges succinctly that defendants suspended and then terminated plaintiff after three years of age-based harassment [ . . . ], reveals no distinct factual allegations to support a tort claim separate from the labor law claims."); see also Reyes-Ortiz, 714 F. Supp. 2d at 239; Medina v. Adecco, 561 F. Supp. 2d 162, 176 (D.P.R. 2008); Santana-Colon v. Houghton Mifflin Harcout Pub. Co., 81 F. Supp. 3d 129, 141 (D.P.R. 2014); Aguirre v. Mayaguez Resort and Casino, Inc., 59 F. Supp. 3d 340, 357 (D.P.R. 2014).

Because the Court finds these allegations are not sufficiently distinct from those allegations for which Plaintiff bases his Law 80 claim, the Court cannot entertain an Article 1802 claim and Plaintiff's only recourse is under Law 80.

      ii.  Amount in Controversy

In his Complaint, Plaintiff demands the following amounts: $28,000 for a severance wrongful termination payment under Law 80; approximately $7,125 in attorney's fees under Law

**Civil No. 14-1294 (GAG)**

80; $46,000 for damages under Article 1802; and approximately $11,500 in attorney's fees under Article 1802. (Docket No. 1-1 at 6-7.)

The Supreme Court has made clear that, in determining the amount in controversy, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). The Court can only find Plaintiff has not satisfied the amount in controversy requirement, if it can, with legal certainty, decide that the claim involved less than the jurisdictional amount. Dep't of Recreation and Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991).

Because the Court finds no basis for a cause of action under Article 1802, the Court can only consider Plaintiff's demand under Law 80. By Plaintiffs' own calculation, this suit is for the amount of $28,000 for a severance wrongful termination payment under Law 80 and an additional $7,125 in approximate attorney's fees. (Docket No. 1-1 at 6-7.) Thus, with legal certainty, the Court can conclude that the amount in controversy does not exceed the $75,000 requirement. As such, this Court also lacks subject-matter jurisdiction based on diversity of citizenship.

**IV.  Conclusion**

Defendants improperly removed this case to federal court by alleging federal question jurisdiction based on a preemption defense and failed to establish diversity jurisdiction because Plaintiff's claim does not exceed the statutory minimum amount in controversy. Thus, the Court hereby **REMANDS** this case to the Commonwealth Court of First Instance, Caguas Division. Defendants' Motion for Summary Judgment at Docket No. 38 may be renewed at the Commonwealth Court.

**Civil No. 14-1294 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of March, 2016.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
UNITED STATES DISTRICT JUDGE